IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PARMA COMMUNITY GENERAL HOSPITAL | ) CASE NO. 1:09 CV 325 |
| Plaintiff, | ) ) ) |
| v. | ) JUDGE DONALD C. NUGENT |
| PREMIER ANESTHESIA OF PARMA, A DIVISION OF PREMIER ANESTHESIA LLC, et al., | ) ) ) ) |
| Defendants. | ) <u>MEMORANDUM OPINION</u> |

This matter is before the Court on Plaintiff, Parma Community General Hospital's Motion to File Answer to Defendant's Counterclaim Instanter (Docket #7) and the Motion in Opposition to Plaintiff's Motion to File Answer to Defendant's Counterclaim Instanter and Cross-Motion for Entry of Default Judgment (Docket #8) filed by Defendant, Premier Anesthesia of Parma, a division of Premier Anesthesia LLC.

**Factual and Procedural Background**

This action was originally filed in the Cuyahoga County Court of Common Pleas, Case No. CV08680772, and was removed to this Court by Defendant on February 11, 2009. (Docket #1.) On February 19, 2009, Defendant filed its Answer and Counterclaim. (Docket #5.)

On March 17, 2009, Plaintiff filed its Motion to File Answer to Defendant's Counterclaim Instanter (Docket #7), admittedly beyond the 20-day time period for filing an answer, as set forth in Fed. R. Civ. P. 12(a)(1)(B). Plaintiff states that the failure to file within

the proscribed time period constitutes excusable neglect, asserting that the delay was the result of Plaintiff exercising due diligence in determining whether to add another party to its original Complaint. Plaintiff states that it did not purposefully delay filing said answer; that no party was harmed by the delay; and, that the answer raises meritorious defenses to the Counterclaim.

On March 18, 2009, Defendant filed its Motion in Opposition and Cross-Motion for Entry of Default Judgment. (Docket #8.) Defendant asserts that Plaintiff's answer is untimely and that the exercise of due diligence relative to the proper naming of defendants in this lawsuit, as cited by Plaintiff, does not amount to excusable neglect. Defendant argues that Plaintiff had the opportunity to investigate the identity of the proper defendants prior to filing in State court. Defendant asserts that the ability to timely file its Answer was within Plaintiff's reasonable control and Defendant speculates that the delay was either the result of Plaintiff attempting "to locate new 'defendants' to destroy diversity jurisdiction" or to "finally exercise diligence to determine the proper defendants for this lawsuit." Defendant states that neither of these would constitute excusable neglect and asks the Court to enter default judgment against Plaintiff.

On March 19, 2009, Plaintiff filed its Response (Docket #9), arguing that Defendant was not prejudiced by the short delay in responding to the Counterclaim, as the case had just begun; that the entry of a default on the Counterclaim would not be dispositive of the entire action; and, that the delay did not impact proceedings in the case, as the first Case Management Conference was scheduled for April 29, 2009, over a month after Plaintiff's Answer to the Counterclaim was filed. Plaintiff states that the filing of the Counterclaim by Defendant precipitated the need to determine whether additional defendants should be added. However, Plaintiff asserts that it was unable to make such a determination without formal discovery and, therefore, filed its Answer to

the Counterclaim without making a final determination as to whether additional defendants would be named.

## Discussion

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), a Plaintiff may file an untimely answer if it can demonstrate "excusable neglect." Both Parties cite *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). In *Pioneer*, the United States Supreme Court recognized that courts must employ an equitable approach in determining whether neglect is excusable, "taking into account all relevant circumstances surrounding the party's omission." *Id.* at p. 395. These include the danger of prejudice; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and, whether the movant acted in good faith. *Id.*

Plaintiff's short delay in filing its answer to Defendant's Counterclaim constitutes excusable neglect. There has been no allegation of prejudice to Defendant or an impact on proceedings in this case as a result of the delay. The delay in this case was insignificant, given the fact that a Case Management Conference, the Parties' first appearance on this case in Federal Court, was not even scheduled to occur until almost a month after the Answer to the Counterclaim was filed and does not appear to have impacted the case in any discernable way. Aside from speculation and conjecture as to Plaintiff's motivation and the reason for the brief delay, Defendant offers no evidence that Plaintiff was acting in bad faith and there is no basis upon which to discredit the reasons given by Plaintiff for the delay. Viewing the facts equitably, and taking into account all relevant circumstances, the delay in filing is excusable.

## Conclusion

Plaintiff's Motion to File Answer to Defendant's Counterclaim Instanter (Docket #7) is hereby GRANTED. Defendant's Cross-Motion for Entry of Default Judgment (Docket #8) is hereby DENIED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: January 12, 2011